# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS
# KANSAS CITY DIVISION

| | |
|---|---|
| **JAMES MASSINGALE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | ) Case No. |
| | ) |
| **COLLECTION CONSULTANTS OF CALIFORNIA** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, JAMES MASSINGALE, by and through undersigned counsel, and for his complaint against the Defendant, COLLECTION CONSULTANTS OF CALIFORNIA., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III.  PARTIES

4. James Massingale, ("Plaintiff") is a natural person who resides in the State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.      Collection Consultants Of California. ("Defendant") is a business entity engaged in the collection of debt within the State of Kansas.  To the best knowledge and belief of Plaintiff, Defendant is a corporation operating from 6100 San Fernando Rd, Ste 211, Glendale, California 91201, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## IV.     ALLEGATIONS

6.      The debt allegedly owed by Plaintiff, namely, a loan personally incurred ("the Debt")  with Mission Hospital, was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by U.S.C. § 1692a(5).

7.      On or about January 22, 2016, Plaintiff retained counsel to assist in the resolution of several allegedly outstanding debts, including the Debt.

8.      On or about February 3, 2016, Plaintiff's counsel sent notice of representation to Plaintiff's creditors via certified mail.

9.      On or about February 8, 2016 at 9:19 a.m. Defendant received and signed for Plaintiff's notice of representation letter. (USPS signature of Telma Ezrre and delivery notice).

10.     Defendant, aware that Plaintiff was represented, willfully disregarded the notice of representation and contacted plaintiff directly by letter on or about March 16, 2016 about the alleged outstanding debt.

11.     These communications by Defendant violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted Plaintiff after receiving notice that the consumer was represented by an attorney.

## V. JURY DEMAND

12. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable in the U.S. District Court at the Robert J. Dole Courthouse in Kansas City, Kansas.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Massingale, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant Approved and for Plaintiff;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant Approved and for Plaintiff;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Approved and for Plaintiff;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**CREDIT LAW CENTER LLC**

**By: /s/ Thomas A. Addleman**
**Thomas A. Addleman  #21104**
**255 NW Blue Parkway, Suite 200A**
**Lee's Summit, MO  64068**
**Telephone:  816-246-7800**
**Facsimile:  855-523-6884**
**TomA@CreditLawCenter.com**

**Attorney for Plaintiff**